In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-309 CR


____________________



CLABORNE JOSEPH GALLIEN, JR. 


a/k/a CLABORNE GALLIEN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 91186






MEMORANDUM OPINION


 Pursuant to a plea bargain, appellant, Claborne Joseph Gallien, Jr., a/k/a Claborne
Gallien, pled guilty to aggravated sexual assault of a child. The trial court found the
evidence sufficient to find Gallien guilty, but deferred further proceedings, placed Gallien
on community supervision for seven years, and assessed a fine of $1000. On May 5, 2006,
the State filed a motion to revoke Gallien's unadjudicated community supervision. Gallien
pled "not true" to violating the conditions of the community supervision order. After
conducting an evidentiary hearing, the trial court found that Gallien violated one of the
conditions of his community supervision, found Gallien guilty of aggravated sexual assault
of a child, and assessed punishment at ninety-nine years of confinement.

 Gallien's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On January 11, 2007, we granted an extension of time for appellant to file a pro se
brief. We received no response from appellant. We reviewed the appellate record, and we
agree with counsel's conclusion that no arguable issues support an appeal. In our review of
the record, we noted that the judgment incorrectly recites that the trial court found count one
of the motion to revoke to be true. The reporter's record of the hearing on the motion to
revoke reflects that the trial court found count three to be true. This Court has the authority
to reform the trial court's judgment to correct a clerical error. See Bigley v. State, 865
S.W.2d 26, 27 (Tex. Crim. App. 1993); Asberry v. State, 813 S.W.2d 526, 531 (Tex. App.--Dallas 1991, pet. ref'd); Tex. R. App. P. 43.2(b). We therefore reform the judgment to delete
the statement that the trial court found count one to be true and we add a statement that the
trial court found count three to be true. We find it unnecessary to order appointment of new
counsel to re-brief the appeal. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991). We affirm the trial court's judgment as reformed. (1)

 AFFIRMED AS REFORMED.


 _______________________________

 STEVE McKEITHEN

 Chief Justice 

Submitted on April 6, 2007 

Opinion Delivered April 18, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Appellant may challenge our decision in this case by filing a petition for
discretionary review. See Tex. R. App. P. 68.